IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kevin Dunbar,<br><br>　　　　Petitioner,<br><br>v.<br><br>David Shinn, et al.,<br><br>　　　　Respondents. | No. CV-21-00488-TUC-RCC<br><br>**ORDER** |

On November 4, 2022, Magistrate Judge Leslie A. Bowman issued a Report and Recommendation ("R&R") in which she recommended the Court dismiss Petitioner Kevin Dunbar's Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody (Non-Death Penalty) (Doc. 1). (Doc. 24.) Petitioner filed an objection to the R&R (Doc. 25), and Respondents a response (Doc. 26). Upon review, the Court will adopt the R&R and dismiss Petitioner's § 2254 Habeas Petition.

I. STANDARD OF REVIEW

The standard the district court uses when reviewing a magistrate judge's R&R is dependent upon whether a party objects: where there is no objection to a magistrate's factual or legal determinations, the district court need not review the decision "under a de novo or any other standard." *Thomas v. Arn*, 474 U.S. 140, 150 (1985). However, when a party objects, the district court must "determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the

magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1). Moreover, "while the statute does not require the judge to review an issue *de novo* if no objections are filed, it does not preclude further review by the district judge, *sua sponte* or at the request of a party, under a *de novo* or any other standard." *Thomas*, 474 U.S. at 154.

In addition, arguments raised for the first time in an objection need not be reviewed. *See United States v. Howell*, 231 F.3d 615, 621 (9th Cir. 2000) ("[A] district court may, but is not required to, consider evidence presented for the first time in a party's objection to the magistrate judge's recommendation.").

There being no objection to the factual summary of the case, the Court adopts the Magistrate Judge's recitation of the facts, and only summarizes them as necessary to address Petitioner's objections.

II. PETITIONER'S OBJECTIONS

Petitioner argues that his claims have been properly presented in the state court and are ripe for this Court's review. (Doc. 25 at 2-3.) He believes his claims were exhausted when he "presented his claims in his 28 U.S.C. § 2254 Writ of Habeas Corpus to the Arizona Appeals Court and the Arizona Supreme Court via Petition for Review, Motion for Reconsideration of denial of his Direct Appeal, and Special Action to the Arizona Supreme Court" as well as the United States Supreme Court. (*Id.*) Moreover, Petitioner believes the Magistrate Judge's conclusion that his Motion to Expand the Record is moot is in error because the issues raised within should have been addressed on the merits. Finally, Petitioner objects to the Magistrate Judge's R&R "in every aspect," asks the Court to "incorporate all his pleadings in this case," and believes the Court should get to the merits of his § 2254 habeas petition. (*Id.* at 6-7.) The Court will address these matters in reverse.

First, a petitioner's objections to an R&R must specifically indicate the findings and recommendations for which he disagrees. Fed. R. Civ. P. 72(b). An objection to everything in the R&R is improper and the Court will not delve into arguments that Petitioner has not

raised. Second, because the Court finds that this case is premature, it is unnecessary to contemplate expanding the record and the Magistrate Judge correctly concluded that Petitioner's motion is moot. Third, Petitioner's second direct appeal and first post-conviction relief proceeding are pending in state court, and so regardless of whether he has presented certain issues before the state's highest court, his habeas petition is premature. *See Henderson v. Johnson*, 710 F.3d 872, 874 (9th Cir. 2013) ("[A] district court may not adjudicate a federal habeas petition while a petitioner's direct state appeal is pending.").

III. CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, in the event Petitioner files an appeal, the Court declines to issue a certificate of appealability because reasonable persons could not "debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotations omitted).

Accordingly, IT IS ORDERED:

1) Magistrate Judge Leslie A. Bowman's Report and Recommendation is ADOPTED. (Doc. 24.)

2) Petitioner Kevin Dunbar's Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody is DENIED. (Doc. 1.)

3) The Clerk of Court shall docket accordingly and close the case file in this matter.

Dated this 23rd day of February, 2023.

_____
Honorable Raner C. Collins
Senior United States District Judge